UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBERTS,<br><br>                Plaintiff,<br><br>        v.<br><br>WASCO STATE PRISON, et al.,<br><br>                Defendants. | Case No. 1:21-cv-00097-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

I.      **BACKGROUND**

        David Roberts ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action.  Plaintiff filed the complaint commencing this action on January 25, 2021.  (ECF No. 1).  Plaintiff did not pay the filing fee or file an application to proceed in forma pauperis.

        As the Court finds that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

II.     **THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

        28 U.S.C. § 1915 governs proceedings *in forma pauperis*.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). See also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'") (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986-87 (9th Cir. 1999)) (alteration in original).

### III.    ANALYSIS

#### a.    Strikes

Plaintiff initiated this action on January 25, 2021.  (ECF No. 1).  The Court finds that, prior to this date, Plaintiff had at least three cases dismissed that count as "strikes."  The Court takes judicial notice of: 1) Roberts v. Huckleberry, E.D. CA, Case No. 1:18-cv-01237, ECF Nos. 35 & 57 (dismissed for failure to state a claim);[1] 2) Roberts v. KVSP Investigation Service Unit, E.D. CA, Case No. 1:19-cv-01055, ECF Nos. 12 & 14 (dismissed for failure to state a claim); 3) and Roberts v. CDC-R Trust Office, C.D. CA, Case No. 5:20-cv-00977, ECF No. 5 (dismissed as frivolous, malicious, or for failure to state a claim).[2]

#### b.    Imminent Danger

As Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in

---

[1] One of the defendants, Kern Valley State Prison, was dismissed because it was entitled to Eleventh Amendment Immunity.  Huckleberry, ECF No. 35 p. 5; ECF No. 57.  "Congress' omission of immunity-based dismissal from the strike provision in § 1915(g) evidences its intent generally not to include this dismissal ground as a strike." Harris v. Harris, 935 F.3d 670, 675-76 (9th Cir. 2019).  However, "there are rare cases where an affirmative defense, such as immunity, may be so clear on the face of the complaint that dismissal may qualify as a strike for failure to state a claim," id. at 676, and as Plaintiff was apparently attempting to sue a state agency for money damages in federal court, the Court finds that this is one of those "rare" cases.

[2] It appears that this case was dismissed for several independent reasons, including that it was "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted."  CDC-R Trust Office, ECF No. 5, p. 1.  As the only comment in the "Comments" section is "Because the California Tort Claims Act provides an adequate post-deprivation remedy for a prisoner's property deprivations, Barnett v. Centoni, 31 F.3d 813 (9th Cir. 1994), no viable due process claim is pleaded," (id.), it appears that this action was dismissed for failure to state a claim.

imminent danger of serious physical injury.  The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). See also Martin, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)….").  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g).  In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury.  The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." Stine v. Fed. Bureau of Prisons, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298-99 (2d Cir. 2009)).

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. Andrews, 493 F.3d at 1055 (9th Cir. 2007).

None of the factual allegations in Plaintiff's complaint suggest that he was in imminent danger of serious physical injury at the time he filed his complaint.

Plaintiff appears to bring three separate and unrelated claims.  In the first claim, Plaintiff complains about certain prison officials interfering with his transportation to court.

There is no indication that this alleged interference put Plaintiff in imminent danger of serious physical injury.

In the second claim, Plaintiff alleges that officers are reading and/or stealing his mail. Plaintiff also alleges that officers have been throwing away all his grievances and mixing up his records with those of another inmate. There is no indication that the alleged theft and reading of Plaintiff's mail, the throwing away of Plaintiff's grievances, or the mixing up of records put Plaintiff in imminent danger of serious physical injury.

In his third claim, and at the end of his second claim, Plaintiff complains that certain prison officials are conspiring to murder him. Plaintiff believes this is due to hate and racism over Plaintiff having a Latina star (Jenni Rivera) all over his cell. Plaintiff also alleges that his food is poisoned and contaminated every day with saliva, urine, and unknown bodily fluids. However, these allegations are conclusory, and there are no factual allegations in Plaintiff's complaint suggesting that he was in imminent danger of serious physical injury at the time he filed his complaint. Plaintiff does allege that he was beaten for ten minutes while he was in handcuffs, but that incident allegedly occurred in 2018, and at Kern Valley State Prison (Plaintiff was housed at Wasco State Prison when he filed his complaint).

As Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

## IV.    CONCLUSION, RECOMMENDATIONS, AND ORDER

The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed proceed *in forma pauperis* in this action; and

2. Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district

4

judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **February 5, 2021**        /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE